CAROL A. SOBEL, State Bar No. 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Suite 550
Santa Monica, California 90401
T. (310) 393-3055; F. (310) 393-3605
E. carolsobel@aol.com

REBECCA F. THORNTON, State Bar No. 231128
LAW OFFICE OF REBECCA F. THORNTON
429 Santa Monica Boulevard, Suite 550
Santa Monica, California 90401
T. (310) 393-3055; F. (866) 499-5162
E. rebecca@humanrightsesq.com

Attorneys for Plaintiff, HELEN GARRETT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GARRETT, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipal entity; OFFICER LANDRY, individually and in his official capacity; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. **CV09-2917** <br><br> CIVIL RIGHTS COMPLAINT <br><br> 1. 42 U.S.C. § 1983 <br>    FIRST AMENDMENT <br><br> 2. 42 U.S.C. § 1983 <br>    FOURTH AMENDMENT <br>    FALSE ARREST <br><br> 3. 42 U.S.C. § 1983 <br>    FOURTH AMENDMENT <br>    EXCESSIVE FORCE <br><br> DEMAND FOR JURY TRIAL |

1

**PLAINTIFF ALLEGES AS FOLLOWS:**

## JURISDICTION AND VENUE

1. This action seeks damages, arising under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for injury to plaintiff's civil rights secured by the First and Fourth Amendments. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state law claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b). Defendants are located in the Central District and all of the acts and/or omissions complained of herein have occurred in this district.

## INTRODUCTION

3. This is a civil rights action for damages in which the plaintiff, HELEN GARRETT ("GARRETT"), seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First and Fourth Amendments to the United States Constitution, and the laws and Constitution of the State of California.

4. On April 25, 2007 at approximately 10:05 a.m. at the Los Angeles City Hall, Council Chambers, located at 200 N. Spring Street, Los Angeles, CA 90012, GARRETT was falsely arrested with excessive force by OFFICER LANDRY ("LANDRY") in violation of her constitutional rights. GARRETT further alleges that her arrest and the excessive force used by Officer LANDRY was without probable cause or any legal or lawful justification and was in retaliation for her exercise of rights to speak freely, assemble and petition the government for redress of grievances.

5. Defendants CITY OF LOS ANGELES (the "CITY"), through its subdivision the LOS ANGELES POLICE DEPARTMENT ("LAPD"), and OFFICER LANDRY are individually, jointly and severally liable for those violations of GARRETT'S rights in that they were committed as a result of policies and customs of the CITY OF LOS ANGELES, including, but not limited to, the failure to train LAPD officers in proper procedures.

## PARTIES

6. Plaintiff, HELEN GARRETT, is, and at all times relevant was, a resident of the County of Los Angeles, State of California.

7. Defendant CITY OF LOS ANGELES is a municipal entity, organized as a Charter City under the laws of the State of California, with the capacity to sue and be sued. The CITY is the legal and political governmental entity responsible for the actions for its departments, including the LAPD, its officials, agents and employees. The CITY is sued in its own right and on the basis of the acts of its officials, agents and employees. At all times relevant in this action defendant CITY was responsible for the policy, practice, supervision, implementation, and conduct of all LAPD personnel. In addition, at all times relevant defendant CITY was responsible for enforcing the rules of the LAPD, and for ensuring that LAPD personnel obeyed the Constitution and the laws of the United States and of the State of California.

8. Defendant OFFICER LANDRY is, and at all times relevant was, an officer, employee, and agent of the LAPD, a municipal agency of the CITY. Defendant LANDRY is sued individually and in his official capacity.

9. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this

complaint by inserting their true names and capacities.

10. At all times relevant in this action, the individual defendants herein were acting under the color of state law in the course of scope of their duties and functions as agents, servants, employees and officers of the LAPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the LAPD at all times relevant with the power and authority vested in them as officers, agents and employees of the LAPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the LAPD. Each of the acts complained of herein was taken, and each violation of plaintiff's rights occurred, pursuant to the policies, practices and/or customs of the LAPD and each act complained of was approved, condoned and/or ratified by persons of authority with the defendant CITY.

## STATEMENT OF FACTS

11. On April 25, 2007, Plaintiff GARRETT attended a Los Angeles City Council meeting in order to present her concerns for affordable housing to the Council. On that day, she and numerous other activists and advocates for affordable housing were present at City Hall to collectively petition the local government for redress of grievances relating to housing.

12. As Ms. Garrett was waiting in the audience for the City Council meeting to begin, she was practicing her prepared written comments and interacting with other members of the audience when Officer Landry suddenly approached plaintiff and demanded that she sit down. It was impossible for her to do so due to the number of people surrounding her. He immediately placed her in handcuffs, without cause and without stating any reason for her arrest.

13. After handcuffing plaintiff and while her hands were tightly cuffed behind her back, Officer LANDRY forcefully jerked plaintiff's hands upwards causing injury to her neck, back, arms and shoulders. Officer LANDRY also twisted the handcuffs causing cuts and bruises on plaintiff's arms.

14. Officer LANDRY took her to another room where she was held in detention for nearly two hours. During that time, Officer LANDRY threatened plaintiff that she would go to jail and be strip searched. Plaintiff informed Officer Landry that she was responsible for the care of a blind woman who remained in Council Chambers. She was concerned about the welfare of the woman. Officer LANDRY's response was to ask "Do you want her to go to jail with you?" Plaintiff was prevented from leaving the room by multiple law enforcement officers acting under color of authority.

15. Plaintiff was peacefully exercising her rights to free speech secured by First Amendment of the United States Constitution at the time of the unlawful arrest. There was no basis for the arrest or detention of plaintiff. Officer LANDRY's actions constituted false arrest, excessive force and unlawful interference with her rights protected by the Fourth Amendment to the United States Constitution.

16. At no time during the events described above, was plaintiff a threat to the safety of herself or others or disorderly in any manner. Plaintiff had a legal right to be present in Council Chambers and had not committed any criminal offense.

17. The defendant police officer had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

18. As a direct and proximate result of the said acts of the defendants, the plaintiff suffered violation of her constitutional rights under the First Amendment of the United States to freely speak her sentiments, petition government for redress of grievances, and assemble freely. She further suffered a violation of her rights under the Fourth Amendment of the United States Constitution to be secure in her person against unreasonable seizure and searches in addition to the loss of her physical liberty, physical pain and suffering and emotional trauma and suffering.

19. The actions of the defendant officer violated the clearly established and well settled constitutional rights of plaintiff, including the right to freely speak her sentiments, petition government for redress of grievances, assemble freely, and be free from unreasonable seizure of her person or the use of excessive, unreasonable and unjustified force against her person. The acts complained of herein were willful, wanton and malicious and displayed a conscious disregard for, and deliberate indifference to, plaintiff's constitutional rights.

20. Pursuant to California Government Code §910 et seq., plaintiff filed a Tort Claim with the CITY on October 19, 2007. The claim was denied on April 1, 2008.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983
## FIRST AMENDMENT
## (Against All Defendants)

21. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 20, inclusive.

22. The acts by Defendants set forth above violated Plaintiff's rights

protected by the First Amendment and made applicable to the states and local government by 42 U.S.C. § 1983. The acts complained of herein were directed toward intimidating Plaintiff, chilling the exercise of these protected expressive rights by, among other means, deterring Plaintiff from freely speaking and petitioning the government for redress of grievances by arresting plaintiff without probable cause and with excessive force while she was attempting to exercise her First Amendment rights.

23. Plaintiff had the right to be present in the public space of Council Chambers and had not committed any criminal offense.

24. The above-recited actions of the individual defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

25. As a direct and proximate consequence of defendants' actions described herein, plaintiff has suffered, and continues to suffer, a loss of her constitutional rights, physical injury and pain and suffering, entitling her to compensatory and exemplary damages and such other equitable remedies as the court deems necessary and appropriate to protect plaintiff's constitutional rights.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
## FOURTH AMENDMENT
## FALSE ARREST
### (Against All Defendants)

26. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 25, inclusive.

27. As a result of unlawful arrest by Defendant LANDRY, plaintiff

suffered a violation of her rights guaranteed by the Fourth Amendment to the United States Constitution and made applicable to the states and local government by 42 U.S.C. § 1983, including physical and emotional injuries.

28. The acts of the individual defendants complained of herein were willful, wanton and malicious and displayed a conscious disregard for, and deliberate indifference to, plaintiff's constitutional rights.

29. As a direct and proximate consequence of defendants' actions described herein, plaintiff has suffered, and continues to suffer, physical injury and pain and suffering, and is entitled to compensatory damages for injury to her person as well as punitive damages as permitted by law.

## THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983
## EXCESSIVE FORCE
## (Against All Defendants)

30. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 29, inclusive.

31. Defendant LANDRY forcefully jerked plaintiff's hands upward, while plaintiff was tightly handcuffed, causing injury to her neck, back, arms and shoulders. Defendant LANDRY also twisted the handcuffs causing cuts and bruises on plaintiff's arms. These acts constitute the use of excessive force against plaintiff and violate the rights of plaintiff, as guaranteed by the Fourth Amendment to the United States Constitution and made applicable to the states and local government by 42 U.S.C. § 1983.

32. The acts of the individual defendants complained of herein were willful, wanton and malicious and displayed a conscious disregard for, and deliberate indifference to, plaintiff's constitutional rights.

33. As a direct and proximate consequence of defendants' actions described herein, plaintiff has suffered, and continues to suffer, physical injury and pain and suffering, and is entitled to compensatory damages for injury to her person as well as punitive damages as permitted by law.

34. The acts of the individual defendants complained of herein were willful, wanton and malicious and displayed a conscious disregard for, and deliberate indifference to, plaintiff's constitutional rights.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for relief as follows:

1. For a declaration that Defendants' actions violated Plaintiff's rights under the First Amendment to the United States Constitution;

2. For a declaration that Defendants' actions violated Plaintiff's rights to be free from the arbitrary and unwarranted use of force under the Fourth Amendment to the United States Constitution;

3. For compensatory and exemplary damages, as permitted by law and according to proof at trial;

4. For costs of suit pursuant to 42 U.S.C. § 1988;

5. For attorneys fees pursuant to 42 U.S.C. § 1988;

6. For such other relief as this Court deems just and proper.

Dated: April 24, 2009    Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

By: REBECCA F. THORNTON
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: April 24, 2009    Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

By: REBECCA F. THORNTON
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

### CV09- 2917 DSF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

REBECCA F. THORNTON (SBN 231128)
LAW OFFICE OF REBECCA F. THORNTON
429 SANTA MONICA BLVD., SUITE 550
SANTA MONICA, CA 90401
T. (310) 393-3055; F. (866) 499-5162
Attorneys for Plaintiff

**COPY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN GARRETT<br><br>                                    PLAINTIFF(S)<br>v.<br>CITY OF LOS ANGELES, a municipal entity; OFFICER LANDRY, individually and in his official capacity; and DOES 1-10, inclusive,<br><br>                                    DEFENDANT(S). | CASE NUMBER<br><br>**CV09-2917 DSF PJWx**<br><br>SUMMONS |

TO:    DEFENDANT(S):  ABOVE NAMED

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __REBECCA F. THORNTON__, whose address is __429 SANTA MONICA BLVD., SUITE 550, SANTA MONICA CA 90401__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __APR 27 2009__         By:  __NATALIE LONGORIA__
                                                Deputy Clerk

                                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

CV-01A (12/07)                                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. PLAINTIFFS** (Check box if you are representing yourself ☐)

HELEN GARRETT

**DEFENDANTS**

CITY OF LOS ANGELES
OFFICER LANDRY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

LAW OFFICE OF REBECCA F. THORNTON
429 SANTA MONICA BLVD., SUITE 550
SANTA MONICA, CA 90401 (310) 393-3055

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Sec. 1983, 1st & 4th Amendment violations; Plaintiff was unlawfully arrested with excessive force while peaceably exercising her rights to free speech.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act |  | ☐ 380 Other Personal Property Damage | ☐ 530 General |  |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other |  |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract |  | ☐ 444 Welfare |  | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 445 American with Disabilities - Employment |  | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY |  |  | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application |  | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
|  | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee |  |  | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV09-2917**

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

X. VENUE: (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 4/24/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |